**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN HILARIO SERRANO DE LEON (A No. 215-563-950),<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | Case No. 1:25-cv-01867-JLT-EPG<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1.) |

Juan Hilario Serrano De Leon is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.      FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Guatemala. He entered the United States without inspection on or about April 13 or 14, 2021, at or near Hidalgo, Texas. (Doc. 22 at 20; Doc. 23 at 2.) Petitioner was served with a Notice to Appear on April 26, 2021, charging him with violating 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act, as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other

than as designated by the Attorney General. (Doc. 23 at 10-12.) Petitioner was then released on an order of recognizance on April 26, 2021, and informed that his release was contingent upon his enrollment and successful participation in an Alternatives to Detention Intensive Supervision Appearance Program (ISAP). (*Id*. at 18-21.)

On January 23, 2022, Petitioner was arrested and detained for violating Cal. Pen. Code § 243(e)(1), Battery of a Spouse. (*Id*. at 26.) On December 5, 2024, an Immigration Judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered Petitioner removed from the United States. (Doc. 20 at 21.) Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals, which dismissed the appeal on February 11, 2026. (*Id*.) Petitioner thereafter filed a petition for review and a motion for stay of removal with the Ninth Circuit Court of Appeals, both of which remain pending. (*Id*.) On or about September 5, 2025, ICE re-detained Petitioner due to violations of his ATD/ISAP. (Doc. 20 at 22; Doc. 23 at 3.) He remains in custody at the Mesa Verde ICE Processing Center in Bakersfield, California.

On December 15, 2025, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See generally,* Doc. 1.) On January 7, 2026, the assigned magistrate judge in this case referred the matter to the Federal Public Defender's Office to appoint counsel for Petitioner. (Doc. 4.) On April 4, 2026, Petitioner filed his first amended petition for habeas corpus. (Doc. 22.) On April 15, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (See generally, Doc. 8.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

2

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See generally,* Doc. 1.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225 of the INA and therefore categorically ineligible for a bond hearing. (*See generally,* Doc. 8.)

Courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

In his reply, Petitioner moves to exclude portions of the declaration of Deportation Officer (DO) Juan C. Abad detailing Petitioners' alleged ATD/ISAP violations pursuant to Federal Rules of Evidence 801, 802, and 1002. (Doc. 24 at 3.) The Court declines to rule on the evidentiary objections given that it does not rely on DO Abad's statements regarding the nature and substance of the ISAP/ATD violations when making the determination in this matter. Rather, the Court relies on the information in Petitioner's Form I-213 indicating that Petitioner violated the terms of

his release as evidence of flight risk.[1] The Court accordingly finds a bond hearing to be the appropriate remedy in this case.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**;

2.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner;

3.    At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing;

---

[1] In immigration court proceedings and related appeals, I-213s are generally "presumed trustworthy because of an assumption that public officials 'perform their duties properly without motive or interest other than to submit accurate and fair reports.'" *Janjac v. I.N.S.*, 46 F.3d 1142, *2 (9th Cir. 1995); *see also Gutierrez–Berdin v. Holder*, 618 F.3d 647, 653 (7th Cir. 2010) ("Form I–213 is a presumptively reliable administrative document."). As such, "information on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien." *Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995), *as amended on denial of reh'g* (Jan. 12, 1995). This presumption "closely tracks" Federal Rule of Evidence 803(8), which "exempt[s] public records containing factual findings from an official investigation from the prohibition on hearsay 'unless the sources of information or other circumstances indicate lack of trustworthiness.' " *Espinoza*, 45 F.3d at 310–11. Because the Federal Rules of Evidence do not apply in immigration hearings, "[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair," and thus admission of a Form I–213 "is fair absent evidence of coercion or that the statements are not those of the petitioner." *Id.* at 310. Here, according to Petitioner's Form I-213, "[f]rom December 19, 2022, to July 19, 2025, [Petitioner] violated the conditions of the ERO Bakersfield ATD program." (Doc. 23 at 30.) The I-213 also indicated that "[Petitioner] will be brought into custody pending the outcome of his appeals application with the BIA." (*Id.*) Such information does not constitute statements made by the Petitioner and is probative of flight risk. Furthermore, Petitioner does not dispute the fact that such ATD/ISAP violations occurred or provide any additional details that would otherwise call into question the information in the I-213.

5.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:     **June 17, 2026**

_____

UNITED STATES DISTRICT JUDGE